IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN GULLICK, ET AL                                                               PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO. 2:11cv117KS-MTP

MARITECH RESOURCES, INC.; AND
TETRA APPLIED HOLDING COMPANY                                     DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendants' Motion to Set Aside Default Judgment **[#6]**.  The Court having reviewed the motion, the response, the briefs of counsel for the parties, the pleadings and exhibits on file, the authorities cited and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted.  The court finds specifically as follows;

On May 18, 2011, the plaintiffs' complaint was filed and a summons issued. According to the defendants' company records, on May 20, 2011, defendants received by certified mail, a copy of the complaint with a waiver of service form.  The defendants assert that because the companies had no operations in Mississippi since 2005, and are allegedly not subject to personal jurisdiction in Mississippi, it was decided to not sign the waiver of service form and require formal service.

Approximately one month later, the companies received the summons and complaint by certified mail.  A receptionist signed for the documents and forwarded them to paralegal Dorothy Pohts.  Ms. Pohts mistakenly assumed these were simply

copies of the papers she had previously received and put them in the file without distributing them.  Defendants' counsel was notified that the company had received by regular mail the complaint and waiver of service form in May, but was not subsequently notified the complaint and summons had been served by certified mail.

When defense counsel called plaintiffs' counsel on July 26, 2011 to introduce himself, plaintiffs' counsel advised him that he had filed an application with the clerk for Entry Of Default on behalf of five of the eight named plaintiffs that day, July 26, 2011, and that the clerk had entered the entry of default on behalf of the five plaintiffs.  However, the record does not reveal any such entry.

Plaintiffs' counsel agreed to grant the defendants a thirty day extension to file responsive pleadings with respect to the three plaintiffs not included in his application for a default, but stated he would oppose the defendants' motion to set aside the supposed default entered that day.  The court notes that no clerk's entry of default was entered nor was a default judgment, only the plaintiffs' motion for default jdugment.  Nevertheless, the court will address the prerequisites of setting aside a default in an effort to move this case along.

The defendants have moved to set aside the supposed Default Judgment or Entry of Default under Rule 55(c) pursuant to the procedure set forth in Rule 60(b), Fed.R.Civ.P.  The provisions of Rule 60(b) state:

> On motion and upon terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

Rule 60(b)(1), Federal Rules of Civil Procedure.

The decision whether to set aside a default judgment rests within the discretion of this court, and review thereof is subject to an abuse of that discretion. *Rogers v. ITT Hartford Life & Accident Co.*, 167 F. 3d 933 (5th Cir. 1999). However, the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir.1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)('Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations.')." *Id.* at 936.

The Fifth Circuit has set forth three factors for the court to consider in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct." *Id.* at 938. However, "[t]hese factors are not 'talismanic.' *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992). A district court may consider other factors . . .." *Id.* at 939. However, if the court finds a willful failure to respond, the inquiry ends and the court is required to make no further findings. *See Dierschke v. O'Cheskey (In re Dierschke)* 975 F.2d 181, 184 (5th c Cir. 1992).

The defendants have also requested relief under Fed.R.Civ.P. 55(c), which provides that an entry of default may be set aside for "good cause." The requirement for good cause has generally been interpreted liberally in an analysis of three factors: (1) there was not a willful failure to act; (2) setting the default aside would not cause prejudice to the adversary; and (3) a meritorious claim can be presented. *Pham v.*

-3-

*Hoang, No.* 1:05-CV-669, 2006 WL 1320118, at *3 (E.D. Tex. April 17, 2006) (citing *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991) and *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The Court may also consider other factors, such as "whether the defendant acted expeditiously to correct the default." *Id.*.

The court finds that the defendants' failure to respond was not a deliberate attempt to avoid litigation or to do any harm whatsoever to the plaintiffs or this court. Because of confusion on the part of a paralegal who did not understand the impact of the documents forwarded her, the defendants' counsel was never informed the complaint and summons had been served on the companies. Further, the plaintiffs have not yet identified any prejudice. However, to the extent there has been any prejudice, that prejudice is outweighed by the defendants' interest in being provided an opportunity to defend against the claims.

The defendants also make a plausible argument that this court lacks personal jurisdiction over the defendants as well as subject matter jurisdiction. It is well established that personal jurisdiction does not exist if the defendants do not have operations or some type of significant contacts within the state. *International Shoe Company v. State of Washington*, 326 U.S. 310 (1945); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.1994). The defendants argue that neither of them have had any operations within the State of Mississippi since 2005. The defendants also assert that they intend to file a Motion to Dismiss on this basis.

As to subject matter jurisdiction, the defendants contend that the plaintiffs assert diversity jurisdiction, and that jurisdiction is lacking on this basis. Particularly, no individuals claim appears to be for at least $75,000 and individual claims may not be

aggregated for purposes of establishing diversity jurisdiction.  *See* 5-102 Moore's Federal Practice - Civil § 102.108 Aggregation of Claims.  Further, the affidavits provided in support of the default motion tend to support this lack of the required amount in controversy, regardless of the plaintiffs' contentions that they are also seeking punitive damages and attorney fees.  The merits of this argument are best left to another day.  However, the defendants' argument provides substantial support for allowing the case to proceed to the point the court can legitimately decide this issue.

Finally, the defendants learned of the Motion for Entry of Default the day it was filed and filed their Motion to Set Aside the Default the same day.  In applying the above factors, good cause exists to have the motion for entry of default set aside because defendants' failure to act was not willful or deliberate; any prejudice suffered by the plaintiffs is outweighed by the interest of defendants in answering the plaintiffs' claims; and finally, the defendants have acted expeditiously in responding to the motion for entry of default.

IT IS THEREFORE ORDERED AND ADJUDGED that defendants' Motion to Set Aside Default Judgment **[#6]** is Granted; that this case is placed back on the court's active docket for resolution; that the plaintiffs' Motion for Default Judgment **[#5]** is denied as moot; and that the parties shall contact the Magistrate Judge within ten days of the this order for the entry of a Case Management Order.

SO ORDERED AND ADJUDGED this the 16th day of September, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE